IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TINA BIANCHINI                                                              PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:16-cv-510 DPJ-FKB

CITY OF JACKSON, LEE VANCE,
in his Individual and Official
Capacity, TYREE JONES, in his
Individual and Official Capacity,
and JOHN DOES 1-4                                                        DEFENDANTS

## AMENDED COMPLAINT

Tina Bianchini, by and through her attorney of record, hereby files this Complaint against the Defendants, and in support thereof would show unto the Court, the following to-wit:

### I. INTRODUCTION

Tina Bianchini (hereinafter "Bianchini") files this lawsuit to redress the deprivation of her constitutional right to Equal Protection to be free from sex and race discrimination, retaliation, malicious prosecution and violations of her First and Fourth Amendment right under the United States Constitution. On March 26, 2015, Bianchini, a white female police officer with the Jackson Police Department ("hereinafter "JPD") was arrested and charged with domestic violence. Aaron Allen, an African-American male police officer, who also employed by JPD, was involved in the domestic violence incident with Bianchini. Aaron Allen (hereinafter "Allen") was not arrested or charged with domestic violence on March 26, 2015.

Upon information and belief, Allen and other individuals employed by the City of Jackson and JPD concocted a story to protect Allen and the others. In an official JPD report, Allen claimed Bianchini broke into his home while he was visiting with a female he met on Backpage.com, a website where prostitutes solicit customers. Upon information and belief, JPD officers did not investigate whether the woman at Allen's house on the morning of the encounter between Bianchini and Allen was in fact a prostitute or whether Allen gave a false statement to law enforcement to cover up the identity of the woman who was present in his home.

While JPD officers did nothing to determine whether Allen broke the law on March 26, 2015, JPD Chief Lee Vance (hereinafter "Chief Vance") says he was told Bianchini was the aggressor in the domestic violence incident. After Bianchini posted bond, Chief Vance instructed JPD officers to escort Bianchini to his office. Chief Vance gave Bianchini an ultimatum: resign or be fired. Under duress, Bianchini resigned. Chief Vance, who is African-American, did not terminate Allen. In addition, Chief Vance did not fire other African-American police officers who were charged with domestic violence before and after March 26, 2015.

During the course of Bianchini's employment with JPD, she engaged in a consensual relationship with Commander Tyree Jones (hereinafter "Commander Jones"). After Bianchini ended her consensual relationship with Jones, Jones retaliated against her and refused to assist Bianchini in landing a position in the Crime Scene Investigations Department, a position he promised her during their consensual relationship. In addition, Jones refused to help Bianchini secure detail work as he had done during the course of their consensual relationship.

Chief Vance knew or should have known that Jones was involved in relationships with female subordinates in violation of JPD's sexual harassment policy as there had been number instances where Chief Vance disciplined female officers who were involved with Jones.  Upon information and belief, when Chief Vance was shown a photograph of Commander Jones's penis, he shrugged off Commander Jones's misconduct.   The photograph that Chief Vance was shown is eerily similar to the photograph of Commander Jones's penis that he sent to Bianchini along with sexually explicit text message





## JURISDICTION AND VENUE

1. The defendants in this action deprived Bianchini of various constitutional rights including but not limited to the deprivation of her right to Equal Protection to be free from race and sex discrimination. This lawsuit is authorized and instituted pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2202. Plaintiff also invokes this Court's pendent jurisdiction over Plaintiff's state law claim of false arrest and malicious prosecution.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to these claims acts complained of by Bianchini occurred in Jackson, Mississippi.

## PARTIES

3. Plaintiff Tina Bianchini is an adult resident citizen of Collin County, Texas. Tina Bianchini is a white female.

4. Defendant, City of Jackson, is a Mississippi municipality and may be served with process of this Court by serving a copy of the Summons and Complaint upon Mayor Tony Yarber.

5. Defendant, Lee Vance, is the police chief of the City of Jackson Police Department. Defendant Lee Vance may be served with process of this Court by serving a copy of the Summons and Complaint upon him wherever he may be found. Lee Vance is being sued in his individual and official capacity.

6. Defendant, Tyree Jones, is a Commander with the Jackson Police Department. Defendant Tyree Jones may be served with process of this Court by serving a copy of the Summons and Complaint upon him wherever he may be found. Tyree Jones is being sued in his individual and official capacity.

## STATEMENT OF FACTS

7. On March 26, 2015, Bianchini, a white female JPD officer, was arrested and charged with domestic violence. JPD officers did not arrest Allen, the African-American male JPD officer, involved in the alleged domestic violence incident with Bianchini.

8. JPD officers, acting under the color of law, came to Allen's home on the morning of March 26, 2015 after Allen called Lt. Randy Avery, who is African-American, on his personal cellular phone and stated that he had a "situation" at his residence. Lt. Randy Avery arrived alone. Sgt. Kenyatta Gowdy, who also is African American, came a short time later. The officers accepted Allen's version of what transpired at his home on March 26, 2015. Although Bianchini told them Allen was the aggressor, JPD officers refused to allow her to file a criminal affidavit against Allen.

9. Based on Allen's statements, officers arrested Bianchini and transported her to St. Dominic Hospital where she was treated for injuries she suffered during the incident with Allen. After Bianchini was released from St. Dominic, she was transported to JPD headquarters, where she was charged with domestic violence and given a $700.00 bond. Upon information and belief, Bianchini's bond was posted, she was held in the Jackson City Jail where she remained in a cell until she was escorted to Chief Vance's office. Chief Vance gave Bianchini an ultimatum: resign or be fired. Under duress, Bianchini signed the letter of resignation prepared by Chief Vance.

10. After Bianchini was released from jail, she repeatedly went to JPD and attempted to file charges against Allen but JPD officers, acting pursuant to orders from Jones, refused to allow her to swear out an affidavit against Allen.

11. Allen, however, was subsequently indicted by a Hinds County Grand Jury and charged with aggravated domestic violence. When Allen was indicted, Chief Vance did not terminate him. Allen still is employed with JPD.

12. On January 25, 2016, the domestic violence charge pending against Bianchini was remanded to the file.

13. As a result of her wrongful termination from JPD, Bianchini also was terminated from her job as a security officer at an apartment complex in Jackson, Mississippi and relieved of her security guard duties at a local restaurant.

14. After Bianchini was terminated because she was involved in a domestic violence incident, Chief Vance and the City of Jackson continued to employ African-American police officers, including but not limited to Allen, who were charged with domestic

violence. Bianchini has a constitutional right to be treated by the defendants like similarly situated African-American police officers charged with domestic violence.

15. Prior to Bianchini encounter with Allen, Bianchini and Commander Jones had a consensual relationship. When the consensual relationship started, Commander Jones was a sergeant. Bianchini was an officer. During the course of the consensual relationship, Commander Jones helped Bianchini land detail work to earn additional money. In exchange for sexual favors from Bianchini, Commander Jones promised to assist her in joining the criminal investigations department, which he headed.

16. In December of 2014, Commander Jones saw Bianchini at the police union's Christmas Party with Allen. Bianchini told Commander Jones she did not want to continue a consensual relationship with him. Thereafter, Commander Jones refused to keep his promise to Bianchini to secure her a position in the crime scene investigation department that he headed.

17. When Bianchini was arrested on March 26, 2015 and charged with domestic violence, Commander Jones used his influence on Chief Vance to terminate Bianchini. In addition, Commander Jones used his influence to prevent Bianchini from filing criminal charges against Allen in retaliation for Bianchini refusing to continue a consensual relation with him.

## CAUSE OF ACTIONS
## EQUAL PROTECTION

18. The Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

19. Plaintiff contends that she had a clearly established right under the Equal Protection clause while employed by JPD to be free from race and sex discrimination.

20. Upon information and belief, the City of Jackson and Chief Vance, knew or should have known Bianchini had a clearly established right to Equal Protection and was entitled to be treated like similarly situated African-American police officers charged with domestic violence and to be free from sex discrimination and retaliation.

21. As a proximate consequence of the actions of Defendants City of Jackson and Chief Vance, Bianchini was unlawfully terminated from her employment in violation of the Equal Protection Clause of the Fourteenth Amendment.

## RIGHT TO BE FREE FROM UNLAWFUL SEIZURE

22. Plaintiff incorporates the allegations contained in paragraphs 1 through 21 above.

23. The Fourth Amendment to the United States Constitution guards against unreasonable search and seizure. The seizure and arrest of Bianchini constituted an unreasonable seizure under the Fourth Amendment to the United States Constitution.

24. Defendants Chief Vance and City of Jackson are liable for the wrongful seizure and incarceration of Bianchini because her arrest/seizure and detention were carried out pursuant to a policy or custom of the City of Jackson and JPD and said policy or custom was the moving force behind the constitutional violation. The City of Jackson is liable for the actions of its requisite policymakers who implemented the policies at issue and played a direct role in the seizure, arrest and detention of Bianchini.

25. As a proximate consequence of the actions of Defendants City of Jackson and Chief Vance, Bianchini was unlawfully seized in violation of her Fourth Amendment Right to be free from illegal search and seizure.

## FALSE ARREST

26. Plaintiff incorporates the allegations contained in paragraphs 1 through 25 above.

27. Plaintiff was falsely arrested and the charge of domestic violence subsequently was remanded.

28. As a proximate consequence of the actions of Defendants City of Jackson and Chief Vance, Bianchini was falsely arrested.

## **FALSE IMPRISONMENT**

29. Plaintiff incorporates the allegations contained in paragraphs 1 through 28 above.

30. Plaintiff was falsely arrested and the charge of domestic violence subsequently was remanded.

31. As a proximate consequence of the actions of Defendants City of Jackson and Chief Vance, Bianchini was falsely imprisoned.

## **MALICIOUS PROSECUTION**

32. Plaintiff incorporates the allegations contained in paragraphs 1 through 31 above.

33. Plaintiff was falsely arrested and the charge of domestic violence subsequently was remanded.

34. As a proximate consequence of the actions of Defendants City of Jackson and Chief Vance, Bianchini was maliciously prosecuted.

## **DAMAGES**

35. As a consequence of the foregoing misconduct of the Defendants, Bianchini sustained pain and suffering, physical injury, great mental distress, depression, insomnia, shock, fright and humiliation as a result of the violation of her constitutionally protected and other legal rights.

36. As a consequence of the foregoing misconduct of the Defendants, Bianchini has been damaged in an amount exceeding the jurisdictional requirements of this Court.

**RELIEF**

37. Plaintiff requests that the Court issue the following relief:

    a. Award Bianchini equitable back pay, front pay, reinstatement, economic damages for her lost pay, together with compensatory and punitive damages; and

    b. Award Bianchini attorney fees, costs and expenses of litigation, and jury trial.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff Tina Bianchini demands judgment against the Defendants in an amount exceeding the jurisdictional requirements of this Court, all together with the costs and disbursement action, including attorneys' fees, plus interest, and for any other relief which this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this, the 27th day of September, 2016.

**TINA BIANCHINI**

By: //s// Lisa M. Ross
Lisa M. Ross (MSB # 9755)
Post Office Box 11264
Jackson, MS 39283-1264
(601) 981-7900 (telephone)
(601) 981-7917 (facsimile)


//s// Carlos Tanner
Carlos Tanner (MSB # 102713)
Post Office Box 3709
Jackson, MS 30207
(601) 460-1745 (telephone)
(601) 796-3509 (facsimile)

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and accurate copy of the foregoing was filed with the Court on September 27, 2016 via CM/ECF filing system, which will automatically provide notice of this filing to all parties that have entered an appearance in this matter.

//s// Lisa M. Ross