

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TINA BIANCHINI                                        PLAINTIFF

VS.                          CIVIL ACTION NO. 3:16cv-510 DPJ-FKB

CITY OF JACKSON, LEE VANCE,
In his Individual Capacity, TYREE JONES,
In his Individual Capacity, and
JOHN DOES 1-4                                        DEFENDANTS

---

## ANSWER AND DEFENSES OF
## DEFENDANT TYREE JONES, INDIVIDUALLY

---

**COMES NOW** Defendant Tyree Jones, in his individual capacity, one of
the Defendants herein, and files this his *pro se* Answer and Affirmative Defenses
to the Complaint filed against him in the above styled cause and states as follows:

Without waiving any of the defenses stated herein, Defendant would
respond to the allegations contained in the Complaint, paragraph by paragraph
as follows:

Defendant does not have knowledge of the allegations in the Complaint
contained in the unnumbered paragraph titled INTRODUCTION with respect to
Plaintiff's claim of not being allowed to file domestic violence charges against
Aaron Allen and her failure to speak; however Defendant asserts that to the
extent that these allegations are alleged against Defendant they are denied.

1.      Defendant denies that he has deprived Plaintiff of any constitutional rights and that Plaintiff is entitled to any of the relief sought.

2.      Defendant admits that Plaintiff's allegations did purportedly occur in Hinds County, Mississippi, but denies the veracity of those allegations and that venue is proper.

3.      Defendant has no knowledge of where Plaintiff resides.

4.      Defendant has no knowledge with respect to the allegations contained in Paragraph 4.

5.      Defendant has no knowledge with respect to the allegations contained in Paragraph 5.

6.      Defendant admits that he is a Commander with the Jackson Police Department.

7.      Defendant is without sufficient knowledge to admit the allegations contained in Paragraph 7.

8.      Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 8 and thereby denies the allegation.

9.      Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 9 and thereby denies the allegation.

10.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 10 and thereby denies the allegation.

11.     Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 11 with respect to a custom policy and practice in the Jackson Police Department; and thereby denies the same.  In

addition, Defendant denies the remaining allegations contained in Paragraph 11.
8 and thereby denies the allegation.

12.    Defendant denies as worded that he had been "lying in wait" for
Plaintiff.   In addition, denies the remaining allegations in Paragraph 12 with
respect contact and conversations with Defendant and Plaintiff, and demands
strict proof thereof.   Moreover, Defendant has no knowledge of the City of
Jackson's custom policy and practice as alleged in Paragraph 12.

13.    Incorrectly numbered 11, Defendant denies that he attempted to
shield Allen from arrest and that he engaged in misconduct of any kind.   In
addition, Defendant is without sufficient knowledge to admit or deny the
remaining allegations contained in Paragraph 13, incorrectly numbered
Paragraph 11.

14.    Incorrectly numbered 12, Defendant is without sufficient
knowledge to either admit or deny the allegations contained in Paragraph 14
incorrectly numbered 12.

15.    Incorrectly numbered 13, Defendant is without sufficient knowledge
to either admit or deny the allegations contained in Paragraph 15 incorrectly
numbered 13.

16.    Incorrectly numbered 14, Defendant denies that Plaintiff suffered
sex discrimination, race discrimination, and endured sexual harassment.
Defendant denies that he sent explicit messages and pictures to Plaintiff to the
extent that Defendant initiated explicit messages and pictures; Plaintiff was in
fact the initiator and sender of sexually explicit messages and pictures.
Defendant denies that he demanded sexual favors in exchange for the

opportunity to earn extra money for work detail, and never made any promises to Plaintiff to join the criminal investigations department.

17.    Incorrectly numbered 15, Defendant denies as worded the allegations contained in Paragraph 17, incorrectly numbered 15. In addition, Defendant has no knowledge of "high" ranking officers being disciplined for "inappropriate relationships". Defendant denies the remaining allegations contained in Paragraph 17, incorrectly numbered 15.

18.    Incorrectly numbered 16, Defendant is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 18 incorrectly numbered 16.

19.    Incorrectly numbered 17, Defendant denies any liability contained in Paragraph 19, incorrectly numbered 17.

20.    Incorrectly numbered 18, Defendant denies that he has caused Plaintiff race and sex discrimination and sexual harassment.

21.    Incorrectly numbered 19, Defendant has no knowledge of the allegations contained in Paragraph 21, incorrectly numbered 19 and thereby denies the same.

22.    Incorrectly numbered 20, Defendant has no knowledge of the allegations contained in Paragraph 22, incorrectly numbered 20 and thereby denies the same.

23.    Incorrectly numbered 21, Defendant has no knowledge of the allegations contained in Paragraph 23, incorrectly numbered 21 and thereby denies the same.

24.    Incorrectly numbered 22, Defendant has no knowledge of the allegations contained in Paragraph 24, incorrectly numbered 22 and thereby denies the same.

25.    Incorrectly numbered 23, Defendant has no knowledge of the allegations contained in Paragraph 25, incorrectly numbered 23, and thereby denies the same.

26.    Incorrectly numbered 24, Defendant has no knowledge of the allegations contained in Paragraph 26, incorrectly numbered 24, and thereby denies the same.

27.    Incorrectly numbered 25, Defendant has no knowledge of the allegations contained in Paragraph 27, incorrectly numbered 25, and thereby denies the same.

28.    Incorrectly numbered 26, Defendant has no knowledge of the allegations contained in Paragraph 28, incorrectly numbered 26, and thereby denies the same.

29.    Incorrectly numbered 27, Defendant has no knowledge of the allegations contained in Paragraph 29, incorrectly numbered 27, and thereby denies the same.

30.    Incorrectly numbered 28, Defendant has no knowledge of the allegations contained in Paragraph 30, incorrectly numbered 28 and thereby denies the same, and specifically denies that he caused Plaintiff any of the injuries alleged in Paragraph 30, incorrectly numbered 28.

31.    Incorrectly numbered 29, Defendant has no knowledge of the allegations contained in Paragraph 31, incorrectly numbered 29, and thereby

denies the same, and specifically Defendant denies that Plaintiff is entitled to any relief sought, and demands strict proof.

32.    Incorrectly numbered 30, Defendant has no knowledge of the allegations contained in Paragraph 32, incorrectly numbered 30, and thereby denies the same, and denies that Plaintiff is entitled to any relief sought in a-b, and demands strict proof.

Defendant denies the allegations contained in the last unnumbered paragraph of the Complaint commencing with the words "WHEREFORE, PREMISES CONSIDERED . . ." Defendant denies that the Plaintiff is entitled to any relief whatsoever against Defendant.

And now having fully answered the Complaint, Defendant asserts the following defenses:

### First Defense

The Complaint fails to state a claim against Defendant for which actual and/or punitive damages can be granted, and should be dismissed with prejudice with all costs assessed against the Plaintiff.

### Second Defense

The Complaint is barred by the doctrines of waiver and estoppel and should, therefore, be dismissed with prejudice with all costs assessed against the Plaintiff.

### Third Defense

The Complaint fails to join a necessary party for which total relief can be granted as required by Rule 19 of the Federal Rules of Civil Procedure and

should, therefore, be dismissed with prejudice with all costs assessed against the Plaintiff.

### Fourth Defense

Defendant owed no duty to the Plaintiff that was breached in this action.

### Fifth Defense

Defendant breached no duty or obligation owed to the Plaintiff under state or federal law.

### Sixth Defense

Defendant reserves all statutory and/or indemnity rights it may have against all others whether parties to this action or not.

### Seventh Defense

Defendant denies that any of its actions and/or omissions caused the Plaintiff harm or special harm.

### Eighth Defense

Defendant's actions with the Plaintiff, if any, were conducted in good faith.

### Ninth Defense

Defendant denies each and every allegation in which the Plaintiff seeks to impose liability upon it, whether expressly denied herein or not.

### Tenth Defense

The Plaintiff's Complaint is barred by the doctrine of laches and should therefore be dismissed with prejudice.

### Eleventh Defense

The Plaintiff's Complaint is barred by the applicable statute of limitations and should therefore be dismissed with prejudice with all costs assessed against the Plaintiff.

### Twelfth Defense

The Plaintiff's Complaint is barred by the Mississippi Torts Claim Act, Miss. Code Ann. § 11-46-11, sovereign immunity, qualified immunity, and/or other immunity, and should therefore be dismissed with prejudice with all costs assessed against the Plaintiff.

### Thirteenth Defense

The Plaintiff failed to mitigate his damages.

### Fourteenth Defense

The sole proximate and/or contributing cause of the Plaintiff's damages, if any, were not caused or contributed to by any act or omission of the Defendant, but such damages, if any, were caused and/or contributed to by the acts and/or omissions of others for which the Defendant cannot be held liable.

### Fifteenth Defense

Any damages sustained by the Plaintiff, were solely and proximately caused and/or contributed to by the unforeseeable, intervening or superseding causes and/or other causes attributable to persons, entities or events with respect to which the Defendant had neither control, right to control, duty to control nor any other legal relationship whatsoever.

### Sixteenth Defense

Without waiving any other affirmative defense, the Defendant affirmatively pleads and alleges that it is not responsible for the intentional acts, if any, by any agents, representatives or employees of the Defendant towards the Plaintiff, and that the alleged intentional acts of any agent, representative or employee of Defendant, if any, were not reasonably foreseeable by Defendant.

## Seventeenth Defense

The Plaintiff's claim for punitive damages, if any, cannot be sustained because an award of punitive damages under Mississippi law and federal law without proof of every element of such claim beyond a reasonable doubt would violate this Defendant's due process rights under the Fourteenth Amendment to the United States Constitution and under Article 3, § 14 of the Constitution of the State of Mississippi.

## Eighteenth Defense

The Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Mississippi law by a jury that is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment and is not instructed to award only that amount of punitive damages as reflects a necessary relationship between the amount of punitive damages and the actual harm in question would violate this Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 3, § 14 of the Constitution of the State of Mississippi.

## Nineteenth Defense

Defendant is immune from suit as alleged in the Complaint pursuant to the Mississippi Tort Claims Act as codified in Mississippi Code Ann. § 11-46-1, et seq. (Supp. 1998).    Defendant hereby asserts the defenses of qualified immunity and any other immunity available under federal or state law.

### Twenteth Defense

Defendant affirmatively pleads assumption of risk as a bar to the Plaintiff's Complaint.

AND NOW, having fully answered the Plaintiff's Complaint, Defendant requests that Plaintiff's Complaint be dismissed and awarded its attorneys fees, costs and all other appropriate relief.

THIS the 3rd day of May, 2017.

Respectfully submitted,

By: _____
Tyree Jones, *Pro Se*

**Tyree Jones, *Defendant Pro Se***