UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TINA BIANCHINI                                                                          PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:16-CV-510-DPJ-FKB

CHIEF LEE VANCE                                                                       DEFENDANT

ORDER

Plaintiff Tina Bianchini asks the Court to allow her to conduct discovery [87] to respond to Defendant Lee Vance's motion for summary judgment [83] based on qualified immunity. In addition, Vance seeks to strike [82] Bianchini's Third Amended Complaint, which was erroneously filed in response to the Court's request for a Rule 7(a) reply. For the reasons that follow, Vance's motion to strike [82] is granted; Bianchini's motion for discovery [87] is granted; and Vance's motion for summary judgment [83] is terminated without prejudice to his right to refile following discovery.

I.      Facts and Procedural History

The facts underlying this lawsuit were set forth in the Court's August 4, 2017 Order granting in part and denying in part Defendants' motions to dismiss. Order [61]. In the Order, the Court dismissed all claims except Bianchini's equal-protection claim against Vance in his individual capacity. In very general terms, Bianchini, a white former police officer, claims Jackson Police Department Chief Lee Vance forced her to resign following her arrest for domestic violence. She insists Vance's actions were motivated by race and sex, because Vance retained at least one similarly situated African-American male.

After the ruling on the motions to dismiss, Vance moved for an order requiring Bianchini to file a Rule 7(a) reply detailing her claims against him in his individual capacity. Bianchini did

not respond, and on September 22, 2017, the Court ordered Bianchini to docket the Rule 7(a) reply within thirty days and stayed discovery, subject to the filing of a qualified-immunity motion. Order [78].

Instead of filing a Rule 7(a) reply, Bianchini filed a Third Amended Complaint [81], despite being denied leave to do so in the Court's August 4, 2017 Order [61]. Vance promptly moved to strike [82]. Bianchini acknowledged her error, admitting she "should have called [it] a Rule 7(a) Reply." Pl.'s Resp. [85] at 2. But as Vance points out, the filing goes beyond adding facts to support her equal-protection claim. For example, the Third Amended Complaint names Vance in his individual and official capacities. *See* 3d Am. Compl. [85] at 2.

Matters are further complicated by the fact that Vance filed a motion for summary judgment [83] based on qualified immunity, addressing allegations raised in the Third Amended Complaint. *See* Mot. [83] at 2–3. And for her part, Bianchini filed a Rule 56(d) motion [87], seeking an opportunity to conduct discovery to fully respond to Vance's motion.

So, as a threshold matter, the Court agrees that Bianchini should not have filed a Third Amended Complaint. Her October 30, 2017 filing [81] should have been titled a "Rule 7(a) Reply," and the Clerk will be directed to amend the docket text. That filing [81] is not the operative complaint. Vance's motion to strike is granted to the extent that an Amended Complaint was impermissibly filed. The filing [81] will be treated, and referred to, as a Rule 7(a) reply; the additional facts alleged in support of the equal-protection claim against Vance in his individual capacity are properly before the Court. With that issue resolved, the Court turns to Bianchini's Rule 56(d) motion.

II.     Standards

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when evidence reveals no genuine dispute regarding any material fact and that the moving party is

entitled to judgment as a matter of law. Though a party may seek summary judgment at any time, Rule 56(d)(1) permits the Court to defer considering a summary-judgment motion or deny it when a nonmovant "shows by affidavit or deceleration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion. The Court may "allow time to obtain affidavits or declarations or to take [additional] discovery" or enter appropriate orders. Fed. R. Civ. P. 56(d)(2)(3). The decision to grant or deny a Rule 56(d) motion is within the sound discretion of the Court. *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013). But Rule 56(d) motions are "'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quoting *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)).

In addition, as pointed out by Vance, the Fifth Circuit has established a procedure "under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012); *see* Def.'s Resp. [90] at 3 (collecting cases). "[A] district court must first find that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe*, 691 F.3d at 648 (internal quotation marks and citation omitted). Then, "if the court remains unable to rule on the immunity defense without further clarification of the facts, it may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Id.*

Arguably, the first step has already occurred here. The Court previously denied Vance's motion to dismiss the equal-protection claim. So, the question for today is whether the Court requires further clarification of the facts to rule on qualified immunity.

III.     Analysis

In his motion for summary judgment, Vance sets forth three primary arguments: (1) he is not a final decisionmaker and therefore cannot be liable under § 1983; (2) Bianchini cannot show that similarly situated individuals were treated differently; and (3) his decision to terminate Bianchini was objectively reasonable.

    A.     Final Decisionmaker

Vance says that he cannot be individually liable under § 1983 because he was not a final decisionmaker in Bianchini's termination. Vance is correct that in certain circumstances an individual who is not a final decisionmaker cannot be liable for employment decisions under § 1983. *See Beattie v. Madison Cty. Sch. Dist.*, 254 F.3d 595, 605 (5th Cir. 2001) (holding that individual defendants who "did not fire [plaintiff] directly, but merely recommended her termination to the board, which made the final decision," could not be liable for § 1983 violation "no matter how unconstitutional their motives"); *Owens v. City of Flowood, Miss.*, No. 3:16-CV-451-CWR-LRA, 2017 WL 368725, at *2 (S.D. Miss. Jan. 23, 2017) (dismissing individual-capacity claims against alderman where none of the municipal board members could implement policy individually because any action required a vote from the full board); *Kermode v. Univ. of Miss. Med. Ctr.*, No. 3:08-CV-584-DPJ-FKB, 2010 WL 2683095, at *3 (S.D. Miss. July 2, 2010) (dismissing individual-capacity claims against plaintiff's department chair who allegedly made defamatory statements to university administration and noting plaintiff's complaint suggested "others made the ultimate decision"); *Bluitt v. Hous. Indep. Sch. Dist.*, 236 F. Supp. 2d 703, 729–30 (S.D. Tex. 2002) (holding principal not liable under § 1983 for recommending termination to school board).

But these cases do not square with the facts here. Vance insists the Mayor and the Civil Service Commission were the final decisionmakers in Bianchini's termination. Def's. Mem.

[84] at 8. He relies on the City of Jackson Employee Handbook, which states that "[t]he Disciplinary Action Review Committee *shall consider* disciplinary actions proposed by Department Directors [such as Vance], and *shall specifically consider* all proposed demotions, suspensions and dismissals for regular employees." Handbook [83-13] at 5–6 (CMCF pagination) (emphasis added). And he points to the Civil Service Rules and Regulations, which mandate a pre-termination hearing before the Civil Service Commission. Def.'s Mem. [84] at 9–10.

It is not apparent to the Court how either of these regulations apply to the case at hand. Vance did not terminate Bianchini under the procedures outlined in the City of Jackson Handbook or the Civil Service Rules and Regulations. It is undisputed that he gave Bianchini an ultimatum to resign or be terminated, and she chose to resign. Bianchini Resignation [83-5]; *see* Def.'s Mem. [84] at 2 (noting Bianchini resigned to avoid being terminated). This case is more akin to a constructive discharge than a dismissal decision that was prompted by a supervisor and adopted by a board or approved by a committee. *See, e.g.*, *Perret v. Nationwide Mut. Ins. Co.*, 770 F.3d 336, 338 (5th Cir. 2014) ("[A] plaintiff may be constructively discharged if the employer gives the employee an ultimatum to quit or be fired.").

And Vance's evidentiary submissions to support his argument that the Mayor terminated Bianchini further muddy the waters. He points to a "City of Jackson Personnel Action" form signed by the Mayor on April 7, 2015, reflecting that Bianchini was terminated on March 26, 2015. Personnel Action Form [83-4]; Def.'s Mem. [84] at 10 (characterizing the form as evidence that "the Mayor approved Chief Vance's recommendation to terminate Plaintiff"). But Bianchini signed her letter of resignation on March 26, 2015—i.e., the Mayor signed the form 12 days after Bianchini allegedly resigned. Bianchini Resignation [83-5]. Likewise, Vance attaches a draft termination letter setting out the pre-termination hearing process referenced in the Civil

5

Service Rules, but this letter is incomplete, it was never delivered to or signed by Bianchini, and it is undisputed that a hearing never took place because she was not terminated. Draft Letter [83-15]. These submissions raise more questions than they answer.

Vance may ultimately be correct that he is not liable because he is not a decisionmaker, but this determination is fact-specific and at this time, further clarification of the facts through discovery is needed. *See, e.g.*, *Backe*, 691 F.3d at 648. Bianchini's request for discovery to show Vance was the final decisionmaker is granted.

   B.   Comparators

In her Rule 7(a) reply, Bianchini identified seven individuals employed with Jackson Police Department, who she claims were not terminated following arrests for domestic violence: (1) Christopher Tyrone Sawyer (African-American male); (2) Shalethea Allen (African-American female); (3) Terence Dewayne Crump (African-American male); (4) Shante Stanford (African-American female); (5) Justin Spann (African-American male); (6) Tavoran Robinson (African-American male); and (7) Aaron Allen (African-American male involved in incident with Bianchini). Pl.'s Reply [81] at 2–6. And she claims that Tyree Jones (African-American male), who engaged in other forms of misconduct, was also treated more favorably. *Id.* at 7.

Vance responds, characterizing Bianchini's claims as "patently false." Def.'s Mem. [84] at 3. He relies on various documents, including letters of resignation (S. Allen, Crump), a letter of suspension (Sawyer), and an incomplete termination letter (Spann).[1] *See* Def.'s Mot. [83], Exhs. H, I, J, L. But Vance does not address Stanford or Robinson. And the termination letter as to Spann is incomplete—it does not contain a date, it lacks an effective date, and it does not reflect whether Spann ever received it. Spann Letter [83-10]. In these respects, it resembles

---

[1] Vance also includes a letter of retirement by Brady Hightower, but it does not appear that Bianchini identified him as a comparator.

Bianchini's "draft letter." Bianchini Draft Letter [83-15] (also lacking date of issuance, effective date of termination, and evidence it was served or signed by Bianchini). And as to Aaron Allen, the comparator to whom the Court pointed in its Order denying Vance's motion to dismiss, Vance merely directs the Court to a television station's online news report as evidence Allen "received other discipline." Def.'s Mem. [84] at 3. Hearsay is not competent evidence.

Further factual clarification is warranted. As to scope, Bianchini requests discovery to "identify all comparators, not the comparators Vance identifies." Pl.'s Mot. [87] at 20. While discovery must be narrowly tailored, the Court finds that Bianchini should be allowed discovery regarding other Jackson Police Department officers who were similarly situated.

As to Tyree Jones, the Court is somewhat sympathetic to Vance's position that discovery is inappropriate. It is true that Bianchini does not allege that Jones was charged with domestic violence or any other crime. But she claims Vance tolerated Jones's long history of misconduct within the department, including an altercation with an officer with whom Jones was romantically involved, posting racial and religious slurs on social media, and distributing lewd photos of himself to subordinates. Mot. [87] at 11–14. And Vance arguably put Bianchini's pre-arrest work history at issue by arguing that his reaction was reasonable based on prior misconduct. *See* Def.'s Mot. [84] at 1 (describing Bianchini's record as less than stellar). Accordingly, discovery as to Vance's handling of Jones's alleged misconduct will be allowed.[2]

C.  Objective Reasonableness

Lastly, Vance says that Bianchini's history of misconduct, coupled with his consistent response to domestic violence arrests of similarly situated officers, shows that his actions were

---

[2] If necessary, the scope of discovery can be challenged through the usual discovery-motion practice.

objectively reasonable.  In light of the forthcoming discovery as to the proposed comparators, this issue will also benefit from factual development.

IV.     Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the outcome.  For the reasons given, Vance's motion to strike [82] is granted; Bianchini's motion for discovery [87] is granted; and Vance's motion for summary judgment [83] is terminated without prejudice to his right to refile following discovery.  *See* Fed. R. Civ. P. 56(d)(1).[3]

The stay of discovery is lifted.  The parties are to contact Magistrate Judge F. Keith Ball within ten (10) days of this Order to schedule a telephonic case management conference to set the parameters of discovery and any applicable deadlines.

The Clerk is directed to amend the docket text as to Bianchini's October 30, 2017 filing [81] to reflect a title of "Rule 7(a) Reply," instead of Amended Complaint.

**SO ORDERED AND ADJUDGED** this the 16th day of April, 2018.

s/ *Daniel P. Jordan III*  
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Though not required for disposition of the present motions, the Court was unable to listen to the audio recordings Bianchini provided.  If she wishes to use these recordings in future filings, she should conventionally file them in a format the Clerk's office confirms as compatible with the court's software.